**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
------------------------------ x
ANGEL MARIE STENQUIST,          :
                                :
         Plaintiff,             :
                                :
                                :
v.                              :
                                :  Civil No. 3:25-CV-315 (AWT)
TARGET CORPORATION; TARGET      :
STORES, INC.; and SEDGWICK      :
CLAIMS MANAGEMENT SERVICES,     :
INC.,                           :
                                :
         Defendants.            :
                                :
------------------------------ x
```

## RULING ON DEFENDANTS' MOTION TO DISMISS

Plaintiff Angel Marie Stenquist has filed a First Amended Complaint against defendants Target Corporation and Target Stores, Inc. (the "Target Stores"). Count One is a claim for negligence. Count Two is a claim for recklessness and includes a request for punitive damages in the form of attorney's fees. The defendants move to dismiss Count Two, and if it is not dismissed, they move in substance to strike the request for punitive damages. The defendants also move to remove Sedgwick Claims Management Services, Inc. ("Sedgwick") from the caption because there are no claims against it in the First Amended Complaint. For the reasons set forth below, the motion is being

granted as to removing Sedgwick from the caption, and it is being denied in all other respects.

## I. FACTUAL ALLEGATIONS

"The [first amended] complaint, which [the court] must accept as true for the purposes of testing its sufficiency, alleges the following circumstances." Monsky v. Moraghan, 127 F.3d 243, 244 (2d Cir. 1997).

"At approximately 2:29 P.M. on February 20, 2023, Plaintiff was a customer and business invitee of Defendants' Target and Target Stores in the retail store located at 21 Broad Street UT #1, in Stamford, Connecticut and was lawfully on the premises." First Am. Compl. (ECF No. 26) Count One ¶7.

"At said time and date, Plaintiff entered the Target store on the first floor (known as T1) from the parking garage. After browsing in a few departments, she went to the second floor." Id. Count One ¶8. "After shopping on the second floor, she walked onto the down-side escalator to return to the first floor." Id. "At the bottom of the escalator, she made a left-hand turn walking past the upside of the escalator. As she passed the upside of the escalator, she turned left onto a main corridor running from the back to the front of the store with the escalators on her immediate left and women's shoe department on the right." Id.

"Suddenly and without warning plaintiff stepped in a pool of water on the floor with her left foot causing both feet to fly up in the air in front of her and causing Plaintiff to fall backwards striking her head, left arm and left shoulder and hip violently and with great force on the floor." Id.

"At the point where she slipped and fell in a pool of water, the pool was located next to one or more wooden pallets that had cases of bottled water stacked up to five to six feet off the floor." Id. Count One ¶9. "As Plaintiff lay on the floor, she could feel the floor under her and to her left and right sides of her were wet with a trail of water coming from under the wooden pallets." Id. Count One ¶10.

"After Plaintiff got off the floor and was sitting on a padded bench in the shoe department, a female [] Target and/or Target Stores employee discovered Plaintiff injured." Id. "Shortly thereafter, two Target maintenance employees came to the area where Plaintiff fell. After observing the water on the ground, the male maintenance worker said 'the water was leaking from the cases of water' stacked on the wooden pallets." Id.

"The acts and/or failures to act of Defendants alleged herein as paragraphs 11.a[.] through 11.n. individually and/or collectively demonstrate that each defendant acted recklessly or in reckless disregard to the rights, health and safety of all of their customers, including plaintiff, who would walk through

this high trafficked main corridor adjacent to the escalators, women's shoe department and being one of a few main corridors connecting the front of the Target Store to the back of the store where all customers check out and exited the store." Id. Count Two ¶12.

"Given the facts that defendants Target and Target Stores as of 2023 owned and operated almost 2000 stores in the United States and sold [an] extremely large volume of cases of flimsy plastic water bottles each year in said stores, the Target defendants had knowledge or reasonably should have known of the dangers and risk of serious injury to their customers from their actions. Therefore their creation, maintenance and failure to inspect and remedy . . . such dangerous conditions and unreasonable risks of injury to its customers in the Stamford store including plaintiff by piling cases of water with flimsy plastic water bottles four to five feet tall knowing that the sheer weight of the cases will cause the flimsy water bottles to leak and by buffing and polishing the white vinyl floors to an extremely high gloss and reflective sheen each evidences a reckless disregard for the rights, safety and welfare of its Stamford customers including plaintiff." Id. Count Two ¶15.

## II. LEGAL STANDARD

When deciding a motion to dismiss under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint and must draw inferences in a light most favorable to the plaintiff. <u>See</u> <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974). Although a complaint "does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007). On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." <u>Id.</u> (quoting <u>Papasan v. Allain</u>, 478 U.S. 265, 286 (1986)).

"Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 557). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." <u>Twombly</u>, 550 U.S. at 555 (internal citations and quotations omitted). However, the plaintiff must plead "only enough facts to state a claim to relief that is plausible on its face." <u>Id.</u> at 570. "A claim has facial plausibility when the

plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

### III. DISCUSSION

#### A. Claim for Recklessness

The defendants argue that "Count Two of the Amended Complaint fails to meet the heightened pleading requirement for recklessness under Connecticut law. Instead, it merely recites allegations identical to those in the negligence count, without providing any additional acts that would support a reasonable inference that that the Target Defendants engaged in conduct beyond mere negligence. Plaintiff alleges that the conduct of stacking cases of plastic water bottles alleged resulted in leaking water is both negligent and reckless conduct. Plaintiff fails to allege any additional acts/omissions to support an 'extreme departure from ordinary care' required to establish recklessness." Defs.' Mot. To Dismiss Pl.'s Am. Compl. (ECF No. 28) at 5.

Under Connecticut law, recklessness is "willful, wanton, or reckless conduct [that] tends to take on the aspect of highly

unreasonable conduct, involving an extreme departure from
ordinary care, in a situation where a high degree of danger is
apparent . . . . [S]uch aggravated negligence must be more than
any mere mistake resulting from inexperience, excitement, or
confusion, and more than mere thoughtlessness or inadvertence,
or simply inattention." Craig v. Driscoll, 262 Conn. 312, 342-
343 (2003).

    The allegations in Count Two plausibly suggest that the
defendants' conduct was highly unreasonable and involved an
extreme departure from ordinary care. The plaintiff alleges that
the defendants piled cases of flimsy water bottles on top of
each other four to five feet high knowing that the weight of the
cases would cause some of the water bottles to leak and that
water would go onto the floor in a high traffic area used by
customers. The plaintiff also alleges that the defendants failed
to inspect the pallets so they could remedy this dangerous
situation. In addition, the plaintiff alleges that the defendant
buffed and polished the floors to an extremely high gloss such
that the "very high gloss and reflective sheen caus[ed] the
floors to be more slippery" when wet, First Am. Compl. (ECF No.
26) Count One ¶11.k., and "prevent[ed] all of [the defendants']
customers from being able to see the water or clear liquid on
the floors . . ." Id. Count One ¶11.l. Moreover, the plaintiff
alleges that there was enough water on the floor that the floor

was wet not only directly beneath her but also to her left and to her right; thus she has alleged a fact showing that there was a significant amount of water on the floor.

These factual allegations are also sufficient to establish that a high degree of danger was apparent. The area where the plaintiff fell was one of the few main corridors leading to the back of the store where all customers checked out and exited the store. A reasonable finder of fact could conclude that it was apparent that customers would fail to see the water on the glossy floor, slip and fall, and be injured as a result.

This case is analogous to Buchok v. J.C. Penney Corp., No. 3:10-cv-665 (WWE), 2010 WL2976214 (D. Conn. July 26, 2010), where a department store customer tripped over a utility plate that was protruding from the floor, and the court denied the defendant's motion to dismiss the claim for recklessness. The complaint there alleged that the utility plate was in the direct path of customers on a busy shopping day and the store failed to properly cover the plate, warn customers of the danger, and perform inspections.

As to the defendant's argument that Count Two does not identify actions by the defendants beyond those alleged in Count One, "[a]lthough there is a difference between negligence and a reckless disregard of the rights or safety of others, a complaint is not deficient so long as it utilizes language

explicit enough to inform the court and opposing counsel that both negligence and reckless misconduct are being asserted." Buchok, 2010 WL2976214 at *2. The fact that the claim for recklessness arises from the same facts as the negligence claim is immaterial since the plaintiff's allegations are sufficient to state a claim for recklessness.

Therefore, the motion to dismiss Count Two is being denied.

### B. Request for Punitive Damages

The defendants move pursuant to Fed. R. Civ. P. 12(f) to strike the request for punitive damages. Under Connecticut procedural rules, "an appropriate use for a motion to strike is to strike punitive damages where . . . the plaintiff . . . has failed to state facts justifying an award of punitive damages," 18 Eric Carlson, Connecticut Practice Series ™, § 1:25 (2025 ed.). However, under Rule 12(f), a court may only strike from a pleading "an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Thus the court construes this aspect of the motion as a motion to dismiss the claim for punitive damages.

In certain tort actions, punitive damages may be awarded but "may not exceed the amount of the expenses of litigation in the suit." Collens v. New Canaan Water Co., 155 Conn. 477, 488 (1967). "Punitive damages . . . are awarded when the evidence

shows a reckless indifference to the rights of others or [that the defendant's actions are] an intentional and wanton violation of those rights." Id. at 489. Therefore, the plaintiff's request for punitive damages is a request for attorney's fees based on her claim for recklessness.

Because the plaintiff has alleged facts sufficient to state a claim for recklessness, the motion to dismiss the claim for punitive damages is being denied.

### C. Sedgwick

Because there are no claims against Sedgwick in the First Amended Complaint, the motion to remove Sedgwick from the caption is being granted.

## IV. CONCLUSION

For the reasons set forth above, Defendants Target Corporation and Target Stores, Inc.'s Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 28) is hereby granted in part and denied in part. It is being granted as to the request to remove Sedgwick from the caption and denied as to the claim for recklessness and the request for punitive damages.

It is so ordered.

Signed this 22nd day of July 2025, at Hartford,

Connecticut.

_____
/s/AWT
Alvin W. Thompson
United States District Judge
